1998 ME 156

**Paula A. MICHAUD et al.**

v.

**Beth A. WOOD.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 9, 1998.

Decided June 18, 1998.

---

Richard N. Solman, Solman & Hunter, Caribou, for appellants.

John D. McElwee, Caribou, for appellee.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

SAUFLEY, Justice.

[¶ 1] Paula A. Michaud and Steven P. Michaud appeal from the judgment entered in the Superior Court (Aroostook County, *Pierson, J.*) following a jury verdict in favor of Beth A. Wood on the Michauds' negligence action. The Michauds claim, *inter alia,* that the court erred in its response to a question presented to the court by the jury during its deliberations. We affirm the judgment.

[¶ 2] On February 25, 1995, Paula Michaud was a passenger in a car travelling south on Route 1A in Limestone. At the intersection of Route 1A and Water Company Street, the car collided with a car operated by Beth Wood. Michaud and her husband, Steven, filed a complaint against Wood, alleging that she negligently operated her car. In her answer, Wood alleged that, as she turned onto Route 1A, her view of the traffic was obstructed by a large snow bank and that she had acted as an ordinary, careful person would have acted in the same circumstances. At the time of the collision, Wood was sixteen years old and had held a Maine driver's license for less than a year.

[¶ 3] During its deliberations, the jury submitted a note to the court that asked, "Does inexperience constitute negligence?" Without objection, the court responded, "I cannot answer your question directly. You may consider all of the facts to determine whether negligence exists."[1] The jury returned a verdict for Wood shortly thereafter. Contending that the verdict was manifestly erroneous and that the court's response to the jury's note was erroneous, the Michauds moved for a new trial. The motion was denied and this appeal followed.

[¶ 4] When confronted with a challenge to any instruction to the jury, "[w]e do not examine the challenged instruction in isolation. Instead, we view the charge to the jury in its entirety." *State v. Wright,* 531 A.2d 1270, 1271 (Me.1987). In the absence of a properly preserved objection, jury instructions are reviewed for obvious error. *See, e.g., Harris v. PT Petro Corp.,* 650 A.2d 1346, 1349 (Me.1994). We will disturb a judgment only if the instructions failed sufficiently to inform the jury correctly and fairly in all necessary respects of governing law and the error is so exceptional that it seriously affected the fairness or integrity of the trial. *See Twin Island Dev. Corp. v. Winchester,* 512 A.2d 319, 324 (Me.1986).

[¶ 5] In its complete instructions at the conclusion of the case, the court instructed the jury correctly and at length on the definition of negligence. Those instructions made it abundantly clear that the jury was required to evaluate the actions of the defendant based on the actions of an ordinary, careful person in the same circumstances. Neither party objected to those instructions at trial, and the Michauds do not challenge them on appeal. Rather, they assign error to the court's response to the jury's question, "Does inexperience constitute negligence?"

[¶ 6] The long answer to the jury's question could have included an explanation that inexperience alone does not constitute negligence, but that a deviation from the standard of ordinary care caused by inexperience does constitute negligence. While inexperience may lead a driver to take actions that an ordinary, careful driver would not take, it conversely may lead a driver to act with more caution than an ordinary, careful driver. There is, consequently, no simple answer to the jury's seemingly simple question. Instead of repeating its original instructions,

---

[1]. The answer to the jury's question was written on the jury's note and returned to the jury room. Although the court reporter did not record any colloquy on the matter, the trial court's order on the Michauds' motion for new trial notes that "[n]o objection was raised by the plaintiff to the court's instruction or the note to the jury."

which referred to the ordinary, careful person standard several times, the court simply directed the jury to "consider all of the facts to determine whether negligence exists." Viewed in the context of the court's complete and accurate instructions on negligence, we are unable to conclude that this response left the jury without the guidance essential to its task. *Cf. Irving Pulp & Paper Ltd. v. Kelly,* 654 A.2d 416, 419 (Me.1995).

[¶ 7] Moreover, the Michauds' assertion that the court's response could have misled the jury into concluding that inexperience is a *defense* to negligence is simply unsupported by the record. No instruction or other comment of the court could have led the jury to such a conclusion. The jury did not ask whether inexperience could constitute an excuse or defense to a claim of negligence; it asked whether inexperience *constitutes* negligence. The remaining issues raised by the Michauds are without merit and do not warrant discussion.

The entry is:

Judgment affirmed.